HARRIS, Judge.
Mark Stephone Williams, an African-American, was convicted of armed robbexy. On appeal, he contends that the State violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose a dispatch card reflecting that the offender was “a Latin male.”
We affirm Williams’ conviction and sentence for the following reasons:
1. Although the State failed to furnish the dispatch card to the defense through the State Attorney’s office, the record reflects that the same material was produced to the defense through the Sheriffs Department. In other words, the defense had access to the material it now claims the “State” failed to disclose.
2. Both the victim of the robbery and Deputy Logan, who saw the robber flee the scene of the robbery with the bag of money and the weapon, positively identified Williams. It was Deputy Logan that the defense was attempting to impeach with the dispatch card. Deputy Logan denied ever describing the fleeing robber as a Latin male, and there is no indication on the dispatch card as to who provided this description to the dispatcher. The dispatch card itself lacked sufficient reliability or significance to result in the denial of Williams’ right to a fair trial. See United States v. Agurs, 427 U.S. 97, 108, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
Since the defense did receive the dispatch card from the Sheriffs Department and thus could have called the appropriate dispatcher to establish who described the robber as a Latin male, we find no error justifying a reversal in this case. See Hegwood v. State, 575 So.2d 170 (Fla.1991).
AFFIRMED.
GOSHORN and GRIFFIN, JJ., concur.